BARRY J. PORTMAN
Federal Public Defender
HILARY A. FOX
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94607
Tel: (510) 637-3500

Counsel for Defendant AGUILAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   )<br>    Plaintiff,    )<br>   )<br> v.    )<br>   )<br>VICTOR AGUILAR    )<br>(aka Fernando Ocampo-Bajena),    )<br>   )<br>    Defendant.    )<br>_____ ) | No. 07-00287-DLJ<br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM<br><br>Date: Sept. 14, 2007<br>Time: 10:00 a.m.<br>Court: Hon. D. Lowell Jensen<br>       U.S. District Court |

Mr. Gutierrez faces sentencing for one count of illegal re-entry after deportation. Promptly upon his arrest, he entered into a fast-track plea agreement with the government, pursuant to which the parties agreed to recommend that the Court impose a sentence at the low end of the guidelines range for offense level nine and the applicable criminal history category. The Probation Office has now determined that Mr. Aguilar has 13 criminal history points, which places him in criminal history category VI. In category VI, the low end of the sentencing guidelines range is 21 months.

Mr. Aguilar has lived in the United States since he was sixteen, when he came here to live with his brother. Unfortunately, it was at around the same age that Mr. Aguilar was introduced to alcohol. He has struggled with alcohol addiction ever since.

When he is not drinking, Mr. Aguilar is a hard worker and a devoted father. Over the last twenty years, he has worked numerous jobs, including stints at the Chevron refinery in

Richmond, working in maintenance, and in sales.  A probation report prepared in 2001 notes that Mr. Aguilar's former employer at the Floor Store in Richmond described him as a terrific worker who was always on time and always reliable.  Mr. Aguilar has also held positions of responsibility while in custody.  That same probation report reflects, for example, that Mr. Aguilar was a trustee while in county jail and also held a position of significant responsibility in the kitchen.  He was viewed as a very reliable and dependable worker who was able to succeed at a complicated job and was always quick to respond to requests for assistance.

Unfortunately, Mr. Aguilar has continued to struggle with alcoholism and substance abuse.  He has attended some substance abuse treatment classes when in custody at the county jail, but has never been placed in a full-time, residential treatment program where he could address his addiction issues.  Although such programs are available through the federal Probation Office, Mr. Aguilar will not be eligible because he is not a citizen and will be deported upon completion of his prison sentence.

Deportation will be a significant hardship on Mr. Aguilar, who has lived in this country for almost twenty years and whose girlfriend and seven-year-old son live here.  After his last deportation, Mr. Aguilar established a residence in Mexico and attempted to make a life there.  He understands that he cannot return to the United States.  He hopes to take advantage of the substance abuse treatment programs available to him in custody, so that upon his release and deportation he will be able to find work and a stable situation in Mexico.

For all of the above reasons, defendant respectfully requests that the Court accept the plea agreement and impose a sentence of 21 months in custody, to be followed by three years of supervised release.

Dated: September 12, 2007

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                              /S/

                                              HILARY A. FOX
                                              Assistant Federal Public Defender

DEF'S SENT MEMO
*U.S. v. Aguilar*, 07-00287-DLJ